**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KENNETH R. TILLERY,

Plaintiff,

v. Case No. 8:26-cv-2715-JLB-GDP

SARA MOLLO, *et al.*,

Defendants.
______________________________/

**ORDER**

Before the Court are Mr. Tillery's civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 1) and his motion to proceed *in forma pauperis*. (Doc. 2). Mr. Tillery, a pre-trial detainee at the Pinellas County Jail, seeks release from detainment, alleging that he is detained without due process because his public defenders denied him his constitutional right to a preliminary hearing before a judicial officer to determine whether there is probable cause that he committed the charged offenses. (Doc. 1 at 5). After reviewing the complaint as required by 28 U.S.C. § 1915A,[1] the Court concludes that the complaint must be dismissed.

[1] Section 1915A states in pertinent part that:

> (a) Screening. The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

Because Mr. Tillery challenges the fact of his detainment and seeks release, he must raise his claims in a habeas corpus petition, not a civil rights complaint. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973))); *Maps v. Miami Dade State Attorney*, 693 F. App'x 784, 786–87 (11th Cir. 2017) ("It is well established that an inmate in state custody 'cannot use a § 1983 action to challenge the fact or duration of his confinement' and instead must seek federal habeas corpus or appropriate state court relief." (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005))). Moreover, Mr. Tilley must exhaust state court remedies regarding his habeas corpus claims before bringing them to this Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").

---

(b) Grounds for dismissal. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED** without prejudice under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

2. The motion to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot.

3. The Clerk is **DIRECTED** to close this case.

**DONE and ORDERED in Tampa, Florida, on September 22, 2026.**

John L. Badalamenti

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE